IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TERI DAVIS,**

    **Plaintiff**

vs

**SEAWORLD PARKS AND
ENTERTAINMENT, Inc.,**

    **Defendant.**
_____/

**CASE NO.:**

## <u>COMPLAINT</u>

COMES NOW, the Plaintiff TERI DAVIS (hereinafter DAVIS) by and through her undersigned counsel and sues the Defendant SEAWORLD PARKS AND ENTERTAINMENT, Inc., (hereinafter SEAWORLD) for discrimination based on Plaintiff DAVIS' disability and race pursuant to Title III of the American Disabilities Act of 1990 (ADA), 42 U.S.C. §§12181-12189, and its implementing regulation, 28 C.F.R. Part 36; Title II of the Civil Rights Act; and the Florida Civil Rights Act of 1992.

The Americans with Disabilities Act prohibits discrimination based on a disability by an entity that owns, leases, or operates a place of public accommodation as defined by the ADA at 42 U.S.C. § 12181(7) and the regulations implementing the ADA at 28 CFR 36.201(a) and 36.104.

Title II of the Civil Rights Act at 42 U.S.C. §2000(a), Prohibition against discrimination or segregation in places of public accommodation. Subsection (a) states "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages,

and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

The Florida Civil Rights Act of 1992 at Sections 760.01-760.11 and 509.092, are to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

## **BACKGROUND**

1. Defendant SEAWORLD discriminated against Plaintiff DAVIS because of her disability in violation of the ADA, 42 U.S.C. §§ 12181-12189, and its implementing regulation, 28 CFR 36.201(a) and 36.104. Defendant SEAWORLD imposed and applied a practice that screened out or tended to screen out individuals who may not look disabled but are in fact disabled and such practice prevents individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations offered by the park. More specifically, Ms. Davis was subjected to this practice on or about May 8, 2021.

2. In violation of the ADA, Defendant SEAWORLD has failed (1) to ensure that those individuals who may not look disabled but in fact are disabled have adequate and fair use of the accommodations by the park; (2) ensure that those individuals who may not look disabled or have a disability but are otherwise disabled have equal access to the parks accommodations; and (3) make reasonable modifications to its policies and practices on how to determine whether

or not an individual is disabled or not and not just simply by looking at a park patron superficially and making a determination that that person is not disabled.

3. Plaintiff DAVIS has commenced this action based on a determination that Defendant SEAWORLD has engaged in a pattern or practice of discrimination that a person or group of persons has been discriminated against and that such discrimination raises an issue of general public importance. 42 U.S.C. § 12188(b)(1)(B). Plaintiff DAVIS seeks declaratory and injunctive relief, monetary damages, including compensatory and emotional distress damages and civil penalty against Defendant SEAWORLD.

4. Congress enacted the ADA in 1990 "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. §12101(b)(1). In enacting the ADA, Congress found that discrimination against individuals with disabilities persists in public venues and places such as Defendant SEAWORLD.

5. The ADA's prohibition against discrimination is specified public places and attractions such as Defendant SEAWORLD is essential to furthering the ADA's purpose to invoke the sweep of congressional authority…to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. § 12101(b)(4).

6. Defendant SEAWORLD discriminated against Plaintiff DAVIS in violation of Title II of the Civil Rights Act at 42 U.S.C. §2000(a), Prohibition against discrimination or segregation in places of public accommodation, in that Plaintiff DAVIS who was the only African-American seated amongst several park patrons in the disabled seating area and she was only person singled out and questioned about her disability status.

7. Such action by Defendant SEAWORLD denied Plaintiff DAVIS of her right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Defendant SEAWORLD, as defined in this section of Title II, without being discriminated against on the grounds of her race, color, or national origin.

8. Defendant SEAWORLD discriminated against Plaintiff DAVIS because of her race, color, national origin, or handicap in violation of the Florida Civil Rights Act of 1992. Defendant SEAWORLD failed to protect Plaintiff DAVIS' personal dignity; failed to make available to the state their full productive capacities; and failed to promote the interests, rights and privileges Plaintiff DAVIS who was within this state.

## PARTIES

. Plaintiff TERRI DAVIS is a resident of Douglasville, Georgia, visiting the Defendant SEAWORLD with family and is *sui juris*.

9. Defendant SEAWORLD owns and operates a multi-acre themed park with animal, water, and other attractions located at 7007 Sea World Drive, Orlando, Florida 32821.

10. Defendant SEAWORLD owns, leases, or operates a place of public accommodation as defined by the ADA, 42 U.S.C. § 12181(7) and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant SEAWORLD is responsible for complying with the obligations of the ADA.

11. Defendant SEAWORLD is a place of public accommodation and a place of entertainment as defined by Florida Statutes § 760.02(11).

## JURISDICTION AND VENUE

12. This court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1343 for the Plaintiff DAVIS' claims arising under Title III of the Americans

with Disabilities Act of 1990, 42 U.S.C. § 12181-12189 (hereinafter ADA), and supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims under the Florida Civil Rights Act of 1992.

13. Plaintiff seeks to enforce Title III of the Americans with Disabilities Act of 1990 (ADA), 42 U.S. C. §§12181-12189, as amended and its implementing regulation 28 CFR 36.201(a) and 36.104 as well as seeks damages for the acts and/or omissions by Defendant SEAWORLD.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)(1) and (b) (2) because (a) the Defendant SEAWORLD is located in this judicial district and (b) all of the acts and omissions giving rise to Plaintiff DAVIS' claims occurred within this judicial district.

## GENERAL ALLEGATIONS OF FACTS

### Seaworld's Discriminatory Policies and Practices of Failing and or Intentionally not Providing Adequate Parking Assistance for a Disabled Park Patron

15. On May 8, 2021, Plaintiff DAVIS, who is Honorably Discharged Military Veteran (Army), her husband (Cralen Davis), Mother (Jacqueline Jackson); Sister (Terra Jackson) and God Son (Joseph Littles), arrived at Defendant SEAWORLD at approximately 1:30pm, and planned to remain there until they could check into their resort.

16. Almost immediately upon arrival at the park Plaintiff DAVIS and her family were met with hostility and an unprofessional parking attendant.

17. As Plaintiff DAVIS and her family approached the parking gate in their vehicle, once at the parking attendant Plaintiff DAVIS asked "can you please tell me where the disabled parking is located?" The parking attendant at that point simply told Plaintiff DAVIS that she needed to pay Thirty Dollars ($30.00) and simply turned away.

18. At this point Plaintiff DAVIS inquired again as to the location of the disabled parking and again the parking attendant advised that it was Thirty Dollars ($30.00), at which point Plaintiff DAVIS then stated "you never answered my initial question about the location for disabled parking." The parking attendant then placed a blue preferred parking notice under Plaintiff DAVIS' windshield wiper at pointed for them to go.

19. Plaintiff DAVIS at the time of talking to the parking attendant had her valid Handicap Placard on her rearview mirror.

20. Plaintiff DAVIS suffered a serious ankle injury in 2012, which required surgery and substantial rehabilitation, due to the significance of the injury, Plaintiff DAVIS was deemed disabled in 2019.

21. While Plaintiff DAVIS and her husband were trying to get information from the parking attendant for the location of disabled parking Plaintiff DAVIS' mother had already paid and was parking.

22. Due to Plaintiff DAVIS' not being advised as to where the actual disabled parking section, they parked a considerable distance from the entrance to the park which was approximately two (2) blocks away in regular parking. Plaintiff DAVIS walked this distance to gain entry into the park.

**Seaworld's Discriminatory Policies and Practices of Intentionally and Inappropriately Questioning a Park Patron's Disability Status based on the Patron's Appearance and Race.**

23. After finally gaining entrance into the park, Plaintiff DAVIS and her family were in the park for approximately Two and a Half hours and everything appeared to be satisfactory and no issues had occurred.

24. Unfortunately, when Plaintiff DAVIS and her family arrived at the Killer Whale show, Plaintiff DAVIS again experienced discrimination based on both her disability and race.

25. When the party arrived at for the Killer Whale show, four (4) of her family members went down to the Splash Zone area and Plaintiff DAVIS and her sister went to sit in the disabled patron section.

26. As Plaintiff DAVIS was sitting in the disabled patron section she was approached by an employee whose name was Kevin and stated that he was the Lead. Kevin began questioning Plaintiff DAVIS about her disability status in which Plaintiff DAVIS advised that she was in fact permanently disabled.

27. Kevin then made the comment "you do not look disabled and you cannot sit here."

28. After Plaintiff DAVIS' response, Kevin appeared to be agitated and angrily walked away.

29. Although the disabled seating area was practically full, only Plaintiff DAVIS was being questioned about her disability as well as *she was the only African-American seated in the section other than her sister* who based on park rules was allowed to accompany Plaintiff DAVIS in this area.

30. Approximately Five (5) minutes later after Kevin had angrily walked away, a female employee came and questioned Plaintiff DAVIS by asking her if she was handicapped. Plaintiff DAVIS responded by asking "why do you all keep asking me if I am handicapped?" The female employee then advised that it was her job to ask individuals in this area if they were handicapped. Plaintiff DAVIS responded and advised the female employee that it was not handicapped but disabled. After stating this the female employee also walked away.

31. A few minutes later another one of Defendant SEAWORLD's employees came over and at this point Plaintiff DAVIS asked if she could speak to a manager.

32. Although the area remained full, Plaintiff DAVIS was the only patron continuously being questioned and harassed by Defendant SEAWORLD's employees.

33. Defendant SEAWORLD's employee KEVIN came back over and he advised Plaintiff DAVIS that it was their job to check to see if persons in that area were handicapped. However, Plaintiff DAVIS was the only person being questioned.

34. After the continuous harassment about her disability status and race by the Defendant SEAWORLD employees, Plaintiff DAVIS advised that she was going to file an ADA complaint against the park. Plaintiff DAVIS was then advised by the Defendant SEAWORLD employee that they welcomed the complaint and walked off.

35. While a public accommodation may impose legitimate restrictions on individuals that may be entering a designated area for those with special needs, those restrictions must be based on actual individuals who are taking advantage of the designated area and not by general conclusions based on how an individual appears.

36. Defendant SEAWORLD's across the board questioning is based solely on stereotypes, overbroad and unfounded and excluded Plaintiff DAVIS from the services and privileges and benefits of Defendant SEAWORLD.

37. Defendant SEAWORLD has failed to demonstrate any reasonable reasons as to why they singled out Plaintiff DAVIS and no other patrons and other than she did not appear to be disabled which is completely unreasonable.

38. A few minutes later the Killer Whale show announcer asked all members of the military active or inactive (veterans) to please stand and Plaintiff DAVIS stood and left the arena.

39. Plaintiff DAVIS upon leaving the park stopped at guest services to notify them of the events that had taken place. A member of guest services apologized to Plaintiff DAVIS and advised her that a case and case number had been generated.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

40. Plaintiff DAVIS re-alleges and incorporates by reference paragraphs one (1) through thirty-nine (39) as stated herein.

41. Plaintiff DAVIS is a qualified person with a disability as she has a physical impairment that substantially limits a major life activity, she has a record of such impairment, and she is regarded as having an impairment by Defendant SEAWORLD herein.

42. Defendant SEAWORLD violated Title III of the Americans with Disabilities Act by acting in a manner contrary to the ADA, by improperly questioning Plaintiff DAVIS as to her disability which led to her leaving the show, which prevented her from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations.

43. Defendant violated Title III of the ADA by failing to show that the questioning and harassment about Plaintiff DAVIS' disability was necessary for the provisions of the goods, services, facilities, privileges, advantages, or accommodations being offered.

44. Defendant SEAWORLD violated Title III, of the ADA, by creating an unnecessary and hostile environment for Plaintiff DAVIS that was not based on an actual or reasonable belief that she was not disabled, but on mere speculation, stereotypes, or generalizations as to how or what a disabled person should or should not look like.

45. Defendant SEAWORLD discriminated against Plaintiff DAVIS on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations in violation of Title III of the ADA, 42 U.S.C. §12182(a), and the Title III implementing regulation at 28 C.F.R. Part 36.

46. Defendant SEAWORLD denied an individual or group of individuals, on the basis of disability, with the opportunity to participate in or benefit from a good, service, facility, privilege, or accommodation, in violation of 42 U.S.C. §12182(b)(1)(A)(i) and 28 C.F.R. § 36.202(a).

47. Defendant SEAWORLD afforded an individual or group of individuals, including Plaintiff DAVIS and others similarly situated on the basis of disability, with the opportunity to participate in or benefit from a good, service, facility, privilege, or accommodation that was not equal to that afforded to other individuals in violation of 42 U.S.C. §12182(b)(1)(A)(ii) and 28 C.F.R. § 36.202(b).

48. Defendant SEAWORLD have violated 42 U.S.C. § 12188(b)(1)(B) and 28 C.F.R. § 36.503 by engaging in a pattern or practice of discrimination against individuals who because of disability must sit in the designated area to accommodate their disability to enjoy the parks attractions and services. Defendant SEAWORLD'S discriminatory acts raise an issue of general public importance under 42 U.S.C. §12188(b)(1)(B)(ii)

49. As a result of Defendant SEAWORLD'S discriminatory conduct, Plaintiff DAVIS and others similarly situated suffered emotional distress. Her and other persons who were or have been the victims of Defendant SEAWORLD'S discriminatory practices are aggrieved persons under 42 U.S.C. §12188(b)(2)(B) and 28 C.F.R. § 36.503.

50. Defendant SEAWORLD had knowledge of their obligation under the ADA and was deliberately indifferent to the rights of Plaintiff DAVIS and other individuals who may be disabled as Plaintiff DAVIS or similarly situated.

WHEREFORE, Plaintiff JACKSON respectfully requests this Honorable Court enter an Order against Defendant SEAWORLD, including declaratory judgment, pursuant Fed. R. Civ. P. 57, stating that Defendant SEAWORLD's practices, policies and procedures have subjected Plaintiff DAVIS to discrimination in violation of Title III of the ADA permanently enjoining Defendant SEAWORLD from any practice, policy and/or procedure which will deny Plaintiff DAVIS and others equal access to and benefit from Defendant SEAWORLD services. This includes entering a permanent injunction ordering Defendant SEAWORLD to the following:

  A. Enjoin Defendant SEAWORLD's officers, agents, employees, and all others in concert or in participation with it from engaging in discrimination against individuals with disabilities and from failing to comply with Title III of the ADA, 42 U.S.C. §§ 12181-89, and its implementing regulation , 28 C.F.R. Part 36.

  B. Order Defendant SEAWORLD to modify its policies, practices, and procedures when making inquiries as to a park patron's disability status for the use of the public accommodations to comply with Title III of the ADA and not by mere speculation that a person is not disabled based upon stereotypes of how a disabled person should appear;

  C. Order Defendant SEAWORLD its officers, agents, and, employees, and all others in concert or in participation with it, to:

    a. Modify its policies, practices, and procedures to comply with the requirements of Title III of the ADA, 42 U.S.C. §§ 12181-89, and its implementing regulation , 28 C.F.R. Part 36.

    b. Take such affirmative steps as may be necessary to restore as nearly as practicable all aggrieved persons to the position that they would have been in but for Defendant SEAWORLD'S conduct;

D. Award monetary damages including but not limited to compensatory damages for emotional distress and other injuries to Plaintiff DAVIS for actions or failures to act pursuant 42 U.S.C. § 12188(b)(2)(B), for injuries suffered as the result of Defendant SEAWORLD'S violation of Title III of the ADA, 42 U.S.C. §§ 12181-89, and its implementing regulation , 28 C.F.R. Part 36.

E. Assess a civil penalty against Defendant SEAWORLD in the maximum amount authorized pursuant to 42 U.S.C. § 12188(b)(2)(C), to vindicate the public interest;

F. Award reasonable costs and attorney's fees, and;

G. Order such other appropriate relief as the interest of justice may require.

## COUNT II
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

51. Plaintiff DAVIS re-alleges and incorporates by reference paragraphs one (1) through thirty-nine (39) as stated herein.

52. Plaintiff DAVIS is a qualified person with a disability as she has a physical impairment that substantially limits a major life activity, she has a record of such impairment, and she is regarded as having an impairment by Defendant SEAWORLD herein.

53. Defendant SEAWORLD owns and operates a public accommodation and a place of entertainment as defined by §760.02(11).

54. Defendant SEAWORLD inappropriately questioned and harassed Plaintiff DAVIS about her disability essentially causing her to be constructively removed from the designated are for those individuals who are handicapped/disabled. It appeared as if Plaintiff DAVIS was the only one being questioned and harassed and Plaintiff DAVIS is African-American. Such acts and behavior by Defendant SEAWORLD prevented Plaintiff DAVIS from fully and equally enjoying its services, facilities, privileges, advantages, or accommodations.

55. Such inquiries were not based on actual knowledge, but were overbroad and based on mere speculation, stereotypes, or generalizations as to how a disabled person should appear. Such inquiries were done for the sole purpose to humiliate and embarrass Plaintiff DAVIS.

56. As a result of this unnecessary and intrusive behavior, the inappropriate inquiries meant only to embarrass and humiliate Plaintiff DAVIS, she was denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations from Defendant SEAWORLD due to discrimination on the grounds of her disability and race.

57. Plaintiff DAVIS sustained damages as a direct and proximate result of Defendant SEAWORLD'S discrimination, including humiliation, loss of dignity, embarrassment, mental anguish, and other non-economic harm.

WHEREFORE Plaintiff DAVIS demands judgment against Defendant SEAWORLD for compensatory damages, punitive damages (if applicable), attorney's fees, and costs incurred in bringing this action and any such other relief this Honorable Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY FOR ALL ISSUES FOR WHICH A TRIAL BY JURY IS PERMITTED.**

Respectfully Submitted on this 15th day of December 2022.

*s/Craig J. Brown*
CRAIG J. BROWN, ESQUIRE
FBN: 0566896
The Law Offices of Craig J. Brown, P.A.
2344 Hansen Lane, Unit 2
Tallahassee, FL 32301
(850)580-1529 Telephone
(850)580-2529 Facsimile
cbrown@cjb-law.com